9057

COONER *ET AL.* v. GOODWIN *ET. AL.*

(84 S. E. 990.)

MUNICIPAL CORPORATIONS.   COUNTIES.   DISPENSARY.

An incorporated town is a complete entity, and the legislature having recognized the town of Batesburg as a municipal corporation in Lexington county although it lies partly within Lexington county and partly within Saluda county; Lexington county having voted to establish dispensaries, the county board of control for Lexington county may establish a dispensary in that portion of the town within the territory of Lexington county. *Croxton* v. *Truesdale,* 75 S. C. 418, 56 S. E. 45, followed.

Before DeVore, J., Lexington, September, 1914.   Affirmed.

Action by J. W. Cooner and C. B. Bates, freehold resident taxpayers and electors of Batesburg, against G. A. Goodwin, Walter F. Hook and George H. Koon, as members of the county dispensary board for Lexington county, and A. H. Blease, as county dispenser for Lexington county, defendants, to secure an injunction restraining the defendants from establishing and opening a dispensary in the town of Batesburg.

The cause was heard upon the following agreed statement of facts:

1. The town of Batesburg was first incorporated under an act of the legislature entitled "An act to incorporate the town of Batesburg in the county of Lexington," approved May 31, 1877. This charter was later surrendered and a new charter was taken under the general law of the State with reference to incorporation of towns and cities under date of the 9th day of September, 1901.

2. The area embraced within the corporate limits of the town of Batesburg lies partly in Lexington county and partly in Saluda county, about nine-tenths (9-10) of which is in

Lexington county and one-tenth (1-10) in Saluda county; about nine-tenths (9-10) of the population of the town of Batesburg is in Lexington county and about one-tenth (1-10) in Saluda county, and all except about one-fiftieth (1-50) of the taxable property lies in Lexington county. All municipal tax levies are made on property in that portion of Batesburg in Saluda county as well as in Lexington county. The basis of assessment for that portion in Lexington is taken from the books of the treasurer in Lexington county, and for that portion in Saluda from the treasurer of Saluda county.

3. The railroad offices (passenger and freight), the express office, the telegraph office, the postoffice, and all of the banks, mercantile establishments and other business offices and establishments are in Lexington county, as are also the churches, schools, municipal offices and residences of all school officials and municipal officials, except one of the commissioners of public works, who lives in Saluda county. That residence in Lexington county is not a prerequisite to holding office in said town.

4. That a public cotton weigher is provided for in the town of Batesburg in section 2363 of vol. I, Code of Laws of South Carolina (1912), to which reference is made. The schools in the own of Batesburg are under the supervision of the county superintendent of education for Lexington county, and said town is made a general election precinct in said county of Lexington.

5. That the first mayor elected in Batesburg was a resident of Saluda (then Edgefield) county, and, from time to time, wardens have been residents of that portion of the town.

6. That, under the law, the sale of alcoholic liquors and beverages is prohibited in Saluda county, but it is authorized in Lexington county; that on the 27th day of September, 1913, the Lexington county dispensary board, by proper resolution, authorized the establishment of a dispensary

at Batesburg, in the county of Lexington, and thereafter, to wit, on the 27th day of September, 1913, elected A. H. Blease dispenser for said dispensary; and on the 6th day of April, 1914, the said dispensary board rented a building for the purpose of conducting the sale of alcoholic liquors and beverages on Oak street in the town of Batesburg, which building is situated wholly in the territory belonging to Lexington county, and is more than one-half mile from the Saluda county line.

On September 7, 1914, the Circuit Judge made the following decree:

This action is for the purpose of prohibiting the defendants from opening and establishing a dispensary in the town of Batesburg in Lexington county.

On the 7th April, 1914, Judge Prince issued a rule requiring the defendants to show cause before me why an order should not be issued enjoining the defendants, pending this action, from opening a dispensary in the town of Batesburg. At the hearing I dismissed the rule to show cause.

At the Summer term of Court for the above county, 1914, the case was heard by me upon its merits, on an agreed statement of facts, which I have before me.

Without going into details it is enough to say that the undisputed facts, applied to the law as stated in the case of *Croxton* v. *Truesdale,* in 75 S. C. 418, 56 S. E. 45, shows that the plaintiffs' complaint must be dismissed, and it is so ordered. It is further ordered that defendants have judgment against the plaintiffs for the cost of this action.

Plaintiffs appealed on the following exceptions:

1. Because his Honor, the presiding Judge, erred in failing and refusing to find that a part of the town of Batesburg is located in Saluda county, which is dry territory, and that the sale of intoxicating liquors through a dispensary

located in the town of Batesburg is the sale of intoxicating liquors in Saluda county and contrary to law.

2. Because the presiding Judge erred in refusing to grant an injunction prohibiting the defendants from establishing a dispensary in the town of Batesburg, upon the ground that said town is in Lexington county, whereas, the said town is partly located in Saluda county.

3. Because the presiding Judge erred in refusing to grant an injunction prohibiting the defendants from establishing a dispensary in the town of Batesburg, when it appears from the undisputed facts in the case that the said town of Batesburg is located partly in Lexington county and partly in Saluda county, and when it also appears from the undisputed facts in the case that the legal sale of all alcoholic liquors and beverages is prohibited by law in Saluda county.

*Messrs. B. W. Crouch* and *J. Fraser Lyon,* for appellants: *Distinguished:* 75 S. C. 418.

*Messrs. Thurmond, Timmerman & Callison, W. H. Sharpe* and *C. M. Efird,* for respondents, cite: 97 S. C. 1; 75 S. C. 418.

April 9, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The judgment of the Circuit Court is affirmed for the reasons therein assigned.